**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2674
_____

UNITED STATES OF AMERICA

v.

JAMES LARNERD,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:20-cr-00010-001)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2025

Before: HARDIMAN, KRAUSE, and CHUNG, *Circuit Judges*.

(Filed: September 12, 2025)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

James Larnerd appeals an order denying his motion to suppress evidence. We will

affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

# I

In May 2019, one of Larnerd's neighbors, Joanna Nye, contacted the North Cornwall Township Police Department to report that a suspicious number of vehicles were visiting Larnerd's residence, each for ten to fifteen minutes. About two weeks later, another caller, later identified as Erma Williams, reported information about Larnerd. Williams explained that she had once lived at Larnerd's residence but moved out after Larnerd moved in. She reported that she wanted to retrieve property from Larnerd's residence but was concerned about doing so, noting that Larnerd had two firearms and dealt methamphetamine out of the residence.

Officer John Houser returned Williams's call to interview her. Williams then reported that Larnerd threatened her with two firearms a week prior when she visited him at home. She also said that she saw Larnerd packaging meth, explaining that people often visited the residence to buy drugs. Williams agreed to meet with Houser in person the next day.

At that meeting, Williams told a slightly different story than the one she recounted over the phone. She said that she visited the residence just one or two days before their call, not a week earlier. And she claimed that she saw Larnerd sell $800 of meth to the owner of the house, which she later said would correspond with roughly a half of an ounce of the drug. In a handwritten statement prepared the same day, however, Williams said she witnessed Larnerd sell one ounce of meth to an unnamed party. Williams also described Larnerd's threat slightly differently. Houser was aware at the time he spoke with Williams that she had recently been a heavy meth user.

Apart from the witness interviews, Houser performed a search of Larnerd's criminal history, which revealed many felony arrests and convictions related to firearms and narcotics. Houser also knew that a neighboring county was investigating Larnerd for allegedly buying a stolen firearm. Around the same time, Houser called Nye, who confirmed that the heavy vehicle traffic to Larnerd's residence had not subsided.

Having collected all this information about Larnerd, Houser applied for a search warrant two days later. Houser's supporting affidavit explained that Williams had previously lived where Larnerd was now residing, had visited the house to retrieve property, and had purchased meth from Larnerd multiple times. But Houser did not mention that Williams was a heavy meth user or that she had an ongoing property dispute with Larnerd. Houser also stated that Williams had visited the residence one or two days before he spoke with her on the phone, omitting her earlier inconsistent statement that the visit occurred a week before their phone call. A warrant was issued, and it was executed the next day. Police recovered, among other things, two handguns, marijuana, and one gram of meth.

Larnerd was charged with possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1); possessing a firearm as a felon, 18 U.S.C. § 922(g)(1); and using a drug premises, 21 U.S.C. § 856(a)(1). Larnerd moved to suppress the evidence, arguing that Houser recklessly omitted facts from his affidavit in support of the application for a search warrant. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). The District Court held a *Franks* hearing and found that Houser recklessly omitted that Williams was a meth user and that she had initially said her visit occurred about one week earlier. Even so, the

3

Court denied Larnerd's motion to suppress, reasoning that a corrected affidavit still established probable cause to search the residence.

The case proceeded to a jury trial where Houser testified about his investigation and Larnerd did not renew his motion to suppress. Houser testified that he was the officer who responded to Nye's call and took her report, although he had said otherwise during the suppression hearing. He suggested during the suppression hearing that he did not surveil Larnerd's residence. Later at trial, however, he clarified that he was thinking of surveillance in the formal sense of a full stakeout, explaining that he tried to surveil Larnerd's residence "[v]ery sparingly" in an attempt to corroborate Nye's account, though he did not report observing heavy vehicle traffic. App. 316. At one point, however, he pulled over a vehicle leaving Larnerd's residence, and he found 13.8 grams of marijuana during a search of the vehicle's occupants. The jury convicted Larnerd on all counts, and Larnerd timely appealed.

## II[1]

Larnerd argues that the District Court erred by denying his motion to suppress because Houser recklessly omitted material facts from his affidavit in support of his application for the search warrant, omitted facts from his testimony at the *Franks* hearing, and that his trial testimony contained internal discrepancies and omissions that Larnerd asks us to review. The Government counters that a corrected affidavit establishes probable cause and that it is inappropriate to consider Houser's trial testimony because

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

4

Larnerd did not renew his objection at trial. We need not resolve the parties' dispute about the relevance of Houser's trial testimony because, assuming Larnerd is correct on that point, the reconstructed affidavit would still have established probable cause. *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000).

Larnerd emphasizes the following omissions from Houser's affidavit: Williams was a heavy meth user; Williams's account contained several inconsistencies; Williams had an ongoing property dispute with Larnerd; Houser's surveillance did not corroborate the report of heavy vehicle traffic at Larnerd's residence; and Houser stopped a vehicle leaving the residence and found only a "small" amount of marijuana.

A reconstructed affidavit including all these points still would have established probable cause to search Larnerd's residence. When he submitted his affidavit, Houser included Williams's report that Larnerd was selling narcotics from the residence and possessed two firearms as a felon. He also included Nye's reports of suspicious vehicle traffic at the home and that Larnerd had many felony convictions for narcotics offenses. All those facts provide ample evidence that "there [was] a fair probability that contraband or evidence of a crime [would] be found in [Larnerd's residence]." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

We are unmoved by the flaws Larnerd claims to find in Houser's investigation. Houser's limited surveillance of Larnerd's residence was inconclusive and did not undermine Nye's report. And although Williams's account contained some inconsistencies, the thrust of her claims was corroborated by Nye's report and Larnerd's criminal history.

5

Resisting this conclusion, Larnerd also suggests that Houser had a duty to more fully investigate Williams's criminal background before preparing his affidavit. He insists that would have revealed that Williams had a conviction for possessing drug paraphernalia and faced pending charges in two cases: (1) for possessing marijuana and drug paraphernalia; and (2) for allegedly stealing a firearm that police suspected Larnerd bought. We disagree.

As Larnerd concedes, the District Court credited Houser's testimony at the *Franks* hearing that he was unaware of the pending charges against Williams. And Houser acted reasonably under the circumstances by confirming that Williams was not on probation and did not have any outstanding warrants. He reasonably viewed her as a witness or civil complainant rather than a criminal informant. So he did not act recklessly by declining to perform a full criminal history check. *See United States v. Brown*, 631 F.3d 638, 648 (3d Cir. 2011) ("[I]n general, the failure to investigate fully is not evidence of an affiant's reckless disregard for the truth.").

That is especially clear here because, although "[i]nformants are not presumed to be credible," the information from Williams was "corroborated through independent investigation." *United States v. Yusuf*, 461 F.3d 374, 384 (3d Cir. 2006). Nye's report of suspicious vehicle traffic corroborated Williams's allegation that Larnerd was selling narcotics. Larnerd's many felony narcotics convictions provided more corroboration as well.

### III

For the stated reasons, we will affirm the District Court's order and judgment.